UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL REILLY,

                    Petitioner,

vs.                                    Case No.  2:05-cv-343-FtM-29SPC

STATE OF FLORIDA, LEE COUNTY
JAIL, SHERIFF MIKE SCOTT,

                    Defendants.

_____

**ORDER**

This matter comes before the Court on plaintiff's Petition for Certificate of Appealability (Doc. #8) and Petition to Proceed Without Payment of Filing Fees or Costs (Doc. #9), both filed on August 3, 2005.

On July 27, 2005, the Court entered an Order (Doc. #5) dismissing the case as frivolous because it was unclear whether plaintiff was attempting to file a civil rights complaint, a petition for writ of habeas corpus, or a civil complaint. Plaintiff's motion indicates that it is a breach of contract "constitutional argument."  Plaintiff also interchangeably refers to it as a "Habeas Corpus."

On August 15, 2005, the Court entered an Order (Doc. #11) deferring determination pending the submission of additional financial documentation as it appeared to be a civil case.  On August 31, 2005, plaintiff filed an Objection (Doc. #13)

reiterating his earlier statements that his only source of income was a social security disability check.  Although unclear whether plaintiff intended to assert a civil action, the Court will treat the "Statement of Case" as a habeas corpus petition since the Clerk's Office opened the action as a habeas action pursuant to 28 U.S.C. § 2254.

On April 24, 1996, the President signed into law amendments to 28 U.S.C. §§ 2244, 2253, 2254, 2255, Appellate Rule 22, and 21 U.S.C. § 848(q).  Under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability issues.  The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000); Peoples v. Haley, 227 F.3d 1342 (11th Cir. 2000).  When the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack, 529 U.S. at

-2-

484; <u>Franklin v. Hightower</u>, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam), <u>cert.</u> <u>denied</u>, 121 S. Ct. 1738 (2001).   "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." <u>Miller-El v. Cockrell</u>, 537 U.S. at 336.

The Court finds that petitioner has failed to show that jurists of reason would find it debatable whether the Court was correct in its procedural ruling.  Therefore, the certificate of appealability is due to be denied.  As a result, petitioner's request to proceed <u>in</u> <u>forma</u> <u>pauperis</u> on appeal will be denied as moot.

Accordingly, it is now

**ORDERED**:

1.  Plaintiff's Petition for Certificate of Appealability (Doc. #8) is **DENIED.**

2.  Plaintiff's Petition to Proceed Without Payment of Filing Fees or Costs (Doc. #9) is **DENIED as moot.**

**DONE AND ORDERED** at Fort Myers, Florida, this   9th   day of September, 2005.

**JOHN E. STEELE**
**United States District Judge**

Copies:
USCA (#05-14525G)
Counsel of record
SA/hk
SA/as